Frederick Clausmeyer, complainant-respondent,

*v.*

Atlas Finishing Company, Incorporated, a corporation of the State of New Jersey, defendant-appellant.

[Submitted May 26th, 1933. Decided February 27th, 1933.]

*Mr. Samuel William Zerman (Mr. John Milton,* of counsel), for the appellant Hackensack Water Company.

*Mr. Herman H. Singer,* for the receivers. of the Atlas Finishing Company, Incorporated, respondent.

The opinion of the court was delivered by

Kays, J.

This is an appeal from an order of the court of chancery dismissing exceptions to a master's report and confirming the report.

The facts in the case were that on September 28th, 1931, the court of chancery adjudged the Atlas Finishing Company, Incorporated, insolvent, and appointed Harry B. Haines

and John C. Lewis receivers of the insolvent corporation. By an order of the court the receivers were authorized to continue the business and to manage, operate and continue the same for a period of sixty days. This the receivers proceeded to do. The Hackensack Water Company, which is the appellant here, furnished and delivered to the premises of the insolvent corporation water for a period from September 29th, 1931, to March 9th, 1932. As a result of this service the Hackensack Water Company claimed $1,300.10 which was made up of a flat charge for the sprinkler system of $251.66, two four-inch meters for which a charge was made of $269.29 and a charge of $779.15 for actual consumption of water. These various charges were sent to the receivers regularly each month. The bills were not paid and a number of letters were written relative to the same with no result or response. Finally the receivers refused to pay and the water company made application to the court with the result that the court referred the matter to a master to report upon. The master allowed the charge of $779.15 but disallowed the two charges of $251.66 for sprinkler service and the flat rate charge for the two four-inch meters of $269.29. As stated above, the water company excepted to the disallowance of these two items and the court overruled the exceptions, from which action the appellant brings the matter here on appeal.

It does not seem to be disputed that the water company furnished to the automatic sprinkler system the water for which the charge was made. It is not disputed that the two four-inch meters were installed in the premises and that these meters were available for use at the premises during the entire period. The rates for these two items appear to be in accordance with the rates promulgated by the board of public utility commissioners of this state and this fact is not disputed. The respondent contends that neither the receivers nor the court which appointed them were bound by the rules and regulations of the board of public utilities of this state and also contend that the receivers are not bound by any contract which they make unless such contract is expressly authorized by the court. The water company, however, con-

tends that it was bound to supply its services to all who should apply for the same and was bound by the rates fixed by the board of public utility commissioners and that it could not make a higher rate or a lower rate to any person, firm or corporation under the act (*P. L. 1911 p. 376*) and the supplements and amendments thereof. There appears to be an admission in the testimony that at least one of the boilers was used and that water was supplied for this boiler, and that the plant was not shut down until March 9th, 1932.

We are of the opinion from the evidence in this case that the services claimed by the Hackensack Water Company were rendered; that a certain amount of water was consumed seems to be undisputed. The evidence also discloses that the water company, during the period claimed, stood ready to serve the sprinkler system and to furnish water through the meters and that, therefore, the service had been rendered as claimed. Even though the contract for furnishing the water was not specifically approved by the court of chancery, if the receivers were authorized and directed to continue to operate the plant it must have been contemplated by the court that this water service was necessary. It also must have been contemplated by the court that the sprinkler system should be in operation in order to obtain a reasonable rate for fire insurance. It also must have been contemplated by the court that if this plant continued to operate as directed by the court the meters should remain in place in order that water might be obtained when necessary. It, therefore, could not be inferred that the court of chancery had to specifically approve the rate which was to be paid for this service of a public utility because the court knew that this amount was regulated by statute and that the court and its officers would be bound by such regulation provided such regulation was reasonable and that question is not before us on this appeal.

We are, therefore, of the opinion that the receivers in continuing this plant by sanction of the court and holding the service of the water company available were subject to the regular charges of the company. The company could not make one charge to one person and a different charge for the same

service to another. In other words, the receivers cannot say to the water company, we will pay you for part of the service which you rendered us but we will not pay you for the other service, although both such charges had been approved by the board of public utility commissioners and were in accordance with its rules.

The order of the court of chancery is, therefore, reversed, and the charges of $251.66 and $269.29 are allowed.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Trenchard, Parker, Case, Bodine, Donges, Heher, Perskie, Van Buskirk, Kays, Hetfield, Dear, Wells, Dill, JJ. 14.